**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CRIMINAL ACTION NO. 1:25-CR-00054-GNS**

UNITED STATES OF AMERICA                                           PLAINTIFF

v.

RAY GORDON (1)                                                    DEFENDANT

**ORDER**

This case was called in open court on November 17, 2025, in Bowling Green, Kentucky, for an initial appearance and arraignment to a felony Information. There appeared the Defendant, Ray Gordon, in person, having appeared on a criminal summons and represented by retained counsel B. Alan Simpson. Assistant United States Attorney Stephanie M. Zimdahl was present for the United States of America. These proceedings were digitally recorded via Court ECRO DeAnna Whitney.

As to the matter of initial appearance and arraignment, the Defendant acknowledged his identity, acknowledged having received a copy of the Information, and acknowledged an understanding of the charges against him. The Defendant waived further formal arraignment. The Defendant was advised of the nature of offenses with which he is charged and the minimum and maximum penalties provided by law.

The Defendant was advised of his Constitutional rights, including the right to Court-appointed counsel. The Defendant advised he waives his right to court-appointed counsel and executed a waiver to that effect.

The Court advised the Defendant of his right to have his case presented to the Grand Jury for consideration of Indictment. The Defendant executed a Waiver of Indictment wherein he consents to enter his plea to the charges in an Information rather than an Indictment.

The Court was advised by the parties that the Defendant was prepared to enter a plea of guilty to Count 1 and Count 2 of the Information, pursuant to a Rule 11(c)(1)(C) plea agreement.

The Court having found the Defendant competent to enter the plea; having found the plea to be knowing, voluntary and with the advice of counsel; having advised the Defendant of his constitutional rights and the Defendant having advised the Court he understood and waived those rights; and having established a factual basis for the plea,

IT IS HEREBY ORDERED as follows:

1.      The Court **defers its decision as to the acceptance or rejection of the plea agreement** until it has an opportunity to consider the Presentence Investigation Report pursuant to Rule 11(c)(3)(A).

2.   The **plea supplement** shall be **filed under seal**.

In order to proceed under the Sentencing Reform Act of 1984 (Pub. L. 98-473, Title II, c. 2, Sections 211-239), 18 U.S.C. Sections 3551-3559,

IT IS HEREBY FURTHER ORDERED as follows:

1.      **Sentencing proceedings** are set in this case on the **17th day of February, 2026, at 10:30 AM CST**, U.S. Courthouse, Bowling Green, Kentucky.

2.      Not less than thirty-five (35) days prior to the date set for sentencing, the Probation Officer shall provide a copy of the Presentence Investigation Report to the Defendant and to counsel for both the Defendant and the United States.  Within fourteen (14) days thereafter, counsel shall communicate, in writing, to the Probation Office and to opposing counsel any objections they may have as to any material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the Report.

3.      After receiving counsel's objections, the Probation Officer shall conduct any further investigation and make any revisions to the Presentence Report that may be necessary.  The Probation Officer may require counsel for both parties to meet with the officer to discuss unresolved factual and legal issues.

4.      Prior to the date of the sentencing hearing, the Probation Officer shall submit the Presentence Report to the sentencing Judge.  The Report shall be accompanied by the written objections of counsel, and by an addendum setting forth any objections counsel may have made that have not been resolved, together with the officer's comments thereon.  The Probation Officer shall provide a copy of any addendum to the Presentence Investigation

Report, including any revisions thereof, to the Defendant and to counsel for the Defendant and the United States.

**5.      Not less than twenty (20) days prior to the sentencing hearing, the parties shall communicate with each other to discuss the scope of the sentencing hearing and make certain disclosures.  Each party shall disclose to the other if it intends to argue for a non-guideline sentence.   The parties shall disclose whether they intend to call witnesses at the hearing and if so, the nature of the testimony shall be revealed.  The parties shall disclose the identity of any expert witness and exchange a written summary of the witness's opinions, the bases and reasons for the opinions, and the witness's qualifications.**

**For any sentencing in which testimony is expected, the parties shall estimate the length of time required for the sentencing hearing and communicate same to Traci Duff, Case Manager for Judge Stivers at traci_duff@kywd.uscourts.gov or (270) 393-2505.**

**6.      Not less than three (3) days prior to the sentencing hearing, the parties shall file a Sentencing Memorandum in support of their respective positions on any unresolved objections to the Presentence Investigation Report, including any objections to the calculation of the advisory sentencing guidelines contained therein. Furthermore, in the event a non-guideline sentence is advocated, the Sentencing Memorandum shall address the factors of 18 U.S.C. § 3553(a).**

7.      Except with regard to any objection made under Paragraph 4 that has not been resolved, the Report of the Presentence Investigation may be accepted by the Court as accurate.  The Court, however, for good cause shown, may allow new objections to be raised at any time before the imposition of sentence.  In resolving disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, the Defendant or the United States.

8.      The time set forth in this Order may be modified by the Court for good cause shown, except that the ten (10) day period provided for disclosure of the Presentence Report pursuant to 18 U.S.C. Section 3552(d) may be diminished only with the consent of the Defendant.

9.      Nothing in this Order requires the disclosure of any portions of the Presentence Report that are not disclosable under Criminal Rule 32(c).

10.     The Presentence Report shall be deemed to have been disclosed:

a.  When the Report is physical delivered to counsel;

b.  One day after the Report's availability is orally communicated to counsel; or

c.  Three (3) days after notice of its availability is mailed to counsel, or the date of availability reflected in the notice, whichever is later.

11.     It shall be the responsibility of counsel for the Defendant to disclose the Report to the Defendant.

12.     The general conditions of probation set forth in Probation Form 7A shall apply to the Defendant if placed on probation or supervised release, and all persons placed on probation or supervised release shall submit to photographs by the Probation Officer as a condition of probation or supervised release.

As to the matter of bond or detention, counsel for the United States advised there are conditions that can be placed on the Defendant allowing release.  The Court having reviewed the Pretrial Services Report and being otherwise sufficiently advised,

**IT IS FINALLY ORDERED** the Defendant shall be released on $25,000 unsecured Appearance Bond pending the final sentencing.

**Greg N. Stivers, Judge**
**United States District Court**
November 17, 2025

Copies to:     Counsel of Record
US Probation
USMS

```
BG 0|02 - IA
BG 0|01 - ARR
BG 0|19 - COP
```