UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CRIMINAL NO. 1:25-CR-54-GNS
*(Electronically Filed)*

UNITED STATES OF AMERICA                                      PLAINTIFF

v.

RAY GORDON                                                    DEFENDANT

---

## SENTENCING MEMORANDUM

---

Comes now the Defendant, Ray Gordon, by counsel, and respectfully requests this Court to accept the plea agreement and sentence him in compliance therewith.  In support thereof, the Defendant states as follows:

## PERSONAL HISTORY OF DEFENDANT

Before this Court is Ray Gordon, who is 37 years of age. Ray has high a school diploma, but by all accounts, Ray is a very intelligent person. That is borne out in this case as Ray is particularly knowledgeable in technology/computers.

Ray's home life and childhood years are set forth in the PSR and while there were some issues Ray described his upbringing as acceptable.  Ray has been in a long-term relationship with his wife, Sasha.  That relationship has been very stable and otherwise a good relationship.

As the Court has seen, Ray's only criminal history point comes from a DUI in 2013.  His only other encounter with law enforcement was in 2011. No criminal history points were assessed for that.  As such he is a criminal history category I.

1

**<u>OFFENSE CONDUCT</u>**

How Ray came to be before this Court is interesting in and of itself. Ray was originally investigated because of an accusation that he had inappropriately touched his 12-year-old stepdaughter. Those allegations led to the seizure of certain electronic devices. It was ultimately determined that those devices contained images that were AI generated CSAM.  In other words, the images were not of actual human children. When the undersigned counsel pointed that out to state investigators and the Commonwealth Attorney, their prosecution stopped. Their investigation was further derailed by the fact that the alleged victim in the underlying sexual abuse investigation testified under oath in the Warren District Court that she had fabricated her allegations because she was mad at Ray. As a result, these matters were referred for prosecution in the Federal system. That occurred primarily because the Kentucky Revised Statutes had not codified a criminal offense for images created entirely by artificial intelligence programs such as the one used herein, Stable Diffusion.

The Defendant accepted full responsibility for his actions in this case.  In fact, the Defendant and his counsel met with the United States and its agents to fully explain the process used by Ray to create the images.  The program, Stable Diffusion, was designed to prevent images, like those in this case, from being created. Ray saw that as a challenge to essentially beat the program. For him, unfortunately, he was successful. Again, counsel wishes to reiterate that the images in this case are not real.  They are all fake images. Nonetheless they are illegal.

It is important to note that the state Court charges will all be dismissed when the Defendant is sentenced herein.

## SENTENCING FACTORS

As this Court well knows 18 U.S. Code §3553 requires the Court to impose a sentence that is reasonable and not greater than necessary.  To that end, below are the factors that the Court must consider,

§ 3553. Imposition of a sentence

**(a)**    Factors to be Considered in Imposing a Sentence.  The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

**(1)**    the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)**    the need for the sentence imposed—

**(A)**    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

**(B)**    to afford adequate deterrence to criminal conduct;

**(B)**    to protect the public from further crimes of the defendant;

and

**(C)**    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In this case, a sentence, as agreed upon of 60 months (5years) is sufficient but not greater than necessary to serve the goal of punishment and deterrence in this case.

## THE GUIDELINES AND JSIN DATA

The guideline range for a sentence in this case is 63 to 78 months.  However, the JSIN DATA in this case also reflects that average length of sentence is 54 months and the median sentence imposed is 60 months.  Given the fact that the mandatory minimum sentence is 5 years

and the median sentence, as stated above is 60 months, the Defendant would respectfully request this court to accept this C plea and sentence the Defendant to a term of imprisonment of 60 months.

<u>**CONCLUSION**</u>

For the forgoing reasons, the Defendant, Ray Gordon, respectfully requests this Court to accept his plea and sentence him consistent therewith.

This 5th day of March, 2026.

/s/ *B. Alan Simpson*
B. Alan Simpson
THE SIMPSON FIRM
908 State Street
P.O. Box 3480
Bowling Green, KY  42102-3480
Phone: (270) 782-3929

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this date electronically filed this document through the ECF system, which will send notice of electronic filing to the following:

Stephanie M. Zimdahl

This 5th day of March, 2026.

*B. Alan Simpson*
B. ALAN SIMPSON