USDC KYWD 245B (Rev. 11/25) Judgment in a Criminal Case Sheet 1

# United States District Court
## Western District of Kentucky
BOWLING GREEN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>V.<br>**Ray Gordon** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 2025)<br>**Case Number: 1:25-CR-54-GNS-1**<br>**US Marshal No: 24872-512**<br>Counsel for Defendant: **B. Alan Simpson, Retained**<br>Counsel for the United States: **Stephanie M. Zimdahl, Asst. U.S. Atty.**<br>Court Reporter: **Digitally Recorded Proceedings (ECRO: DeAnna Whitney)** |

## THE DEFENDANT:

☒ **Pleaded guilty to counts 1 and 2 of the Information on 11/17/2025**

☐ Pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ Was found guilty on count(s) _____
after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|

**FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2**

The defendant is sentenced as provided in pages _2_ through _9_ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (Is) (are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and the United States Attorney of material changes in the economic circumstances.

3/9/2026
_____
Date of Imposition of Judgment

**Greg N. Stivers, Judge**
**United States District Court**

March 9, 2026

USDC KYWD 245B (Rev. 11/25) Judgment in a Criminal Case Sheet 1A

Judgment-Page  2  of  9 

DEFENDANT: **Gordon, Ray**
CASE NUMBER: **1:25-CR-54-GNS-1**

# COUNTS OF CONVICTION

| Title / Section and Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:1466A(a)(1) and (d)(4) PRODUCTION OF OBSCENE VISUAL REPRESENTATION OF CHILD SEXUAL ABUSE | 12/10/2023 | 1 |
| 18:1466A(b)(1) and (d)(4) POSSESSION OF OBSCENE VISUAL REPRESENTATION OF CHILD SEXUAL ABUSE | 12/14/2023 | 2 |

USDC KYWD 245B (Rev. 11/25) Judgment in a Criminal Case Sheet 2 - Imprisonment

Judgment-Page _3_ of _9_

DEFENDANT: **Gordon, Ray**
CASE NUMBER: **1:25-CR-54-GNS-1**

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **60 months as to each of Counts 1 and 2 of the Information, which shall be served concurrently for a TOTAL TERM OF 60 MONTHS.**

☒ **The Court makes the following recommendations to the Bureau of Prisons: See Statement of Reasons.**

☐ The defendant is remanded to the custody of the United States Marshal.

☒ **The defendant shall surrender to the United States Marshal for this district:**

  ☒ **by 4 :00 P.M. on  3/9/2026.**

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ Before 2:00 p.m. on _____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

USDC KYWD 245B (Rev. 11/25) Judgment in a Criminal Case Sheet 3 - Supervised Release

Judgment-Page  4  of  9

DEFENDANT: **Gordon, Ray**
CASE NUMBER: **1:25-CR-54-GNS-1**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **20 years as to each of Counts 1 and 2 of the Information, which shall be served concurrently for a TOTAL TERM OF 20 YEARS.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ **You must cooperate in the collection of DNA as directed by the probation officer.** *(check if applicable)*
6. ☒ **You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.** *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

USDC KYWD 245B (Rev. 11/25) Judgment in a Criminal Case Sheet 3A - Supervised Release

Judgment-Page _5_ of _9_

DEFENDANT: **Gordon, Ray**
CASE NUMBER: **1:25-CR-54-GNS-1**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

USDC KYWD 245B (Rev. 11/25) Judgment in a Criminal Case Sheet 3B - Supervised Release

Judgment-Page _6_ of _9_

DEFENDANT: **Gordon, Ray**
CASE NUMBER: **1:25-CR-54-GNS-1**

# SPECIAL CONDITIONS OF SUPERVISION

14. The defendant must participate in a substance abuse treatment program as approved by the Probation Office and follow the rules and regulations of that program. The defendant shall contribute to the Probation Office's costs of service rendered based upon his/her ability to pay as reflected in his/her monthly cash flow as it relates to the court approved sliding fee scale.

15. The defendant must submit to testing to determine if he/she has used a prohibited substance. The defendant shall contribute to the Probation Office's costs of service rendered based upon his/her ability to pay as it relates to the court approved sliding fee scale. The defendant must not attempt to obstruct or tamper with the testing methods.

16. The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office to a search conducted by the United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of their release and that the areas to be searched may contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

17. The defendant shall submit to the USPO conducting an initial computer inspection/search of the defendant's computer system(s), which are subject to examination and monitoring, which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection. An officer may conduct a subsequent search pursuant to this condition only when reasonable suspicion exists that the defendant is in violation of the court's computer monitoring condition, or is in possession of child pornography, as defined in 18 U.S.C. § 2256(8). Any search must be conducted at a reasonable time and in a reasonable manner.

18. The defendant shall have no direct contact with any children under the age of 18 unless accompanied by and supervised by an adult who has been approved in advance by the sex offender treatment counselor and the supervising probation officer. The defendant shall immediately report any unauthorized contact with children to the sex offender treatment counselor and to the probation officer.

19. The defendant shall not be employed in any capacity that may cause the defendant to come in direct contact with children under the age of 18, except under circumstances approved in advance by the supervising probation officer. The defendant shall not participate in any volunteer activity that may cause the defendant to come into direct contact with children under the age of 18, except under circumstances approved in advance by the defendant's probation officer.

20. The defendant is prohibited from access to any online computer service at any location (including employment or education) without prior written approval of the Court. This includes any Internet Service Provider, bulletin board system, or any other public or private computer network. Any approval shall be subject to conditions set by the Court.

21. The defendant shall not rent or use a post office box or storage facility without authorization from the USPO.

22. The defendant shall not view, purchase, possess or distribute any form of pornography depicting sexually explicit conduct defined in 18 U.S.C. § 2256(2), or frequent any place where such material is the primary product for sale or entertainment is available.

23. The defendant shall be subject to Polygraph, Computer Voice Stress Analysis, or other similar device to obtain information necessary for supervision, case monitoring, and treatment at the discretion and direction of the U.S. Probation Officer. The defendant shall be subjected to maintenance exams thereafter. No violation proceedings will arise solely on a defendant's failure to pass an examination. No violation proceeding will arise on a defendant's refusal on valid Fifth Amendment grounds to answer questions. The defendant shall contribute to the cost of services rendered based upon his/her ability to pay as reflected in his/her monthly cash flow as it relates to the court-approved sliding fee scale.

24. The defendant shall participate in an evaluation to determine if sex offense specific treatment is needed, and if so, the defendant shall participate in a sex offender counseling program approved by the U.S. Probation Office and shall abide by the policies of the program. The defendant shall contribute to the Probation Office's cost of services rendered based upon his/her ability to pay as reflected in his/her monthly cash flow as it relates to the court-approved sliding fee scale.

USDC KYWD 245B (Rev. 11/25) Judgment in a Criminal Case Sheet 3C - Supervised Release

Judgment-Page  7  of  9 

DEFENDANT: **Gordon, Ray**
CASE NUMBER: **1:25-CR-54-GNS-1**

## ADDITIONAL SPECIAL CONDITIONS OF SUPERVISION

25. The defendant shall comply with any sex offender registration laws of any state in which he/she resides, is employed, carries on a vocation, or is a student.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____        _____
Defendant                                                                          Date

_____        _____
U.S. Probation Officer/Designated Witness                    Date

USDC KYWD 245B (Rev. 11/25) Judgment in a Criminal Case Sheet 5 - Criminal Monetary Penalties

Judgment-Page  8  of  9

DEFENDANT: **Gordon, Ray**
CASE NUMBER: **1:25-CR-54-GNS-1**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment** | **JVTA Assessment** |
|---|---|---|---|---|---|
| **Totals:** | $ 200.00 | | | | |

☐  The determination of restitution is deferred until _____.  An Amended Judgment in a Criminal Case *(AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

Criminal debt may be paid by check or money order or may be paid online at www.kywd.uscourts.gov (See Online Payments for Criminal Debt). Your mail-in or online payment must include your case number in the exact format of DKYW125CR000054-001 to ensure proper application to your criminal monetary penalty.  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ _____ | $ _____ | |

☐  Restitution amount ordered pursuant to plea agreement $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 6 may be subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  The interest requirement is waived for the  ☐ fine  ☐ Restitution

    ☐  The interest requirement for the  ☐ fine  ☐ Restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

USDC KYWD 245B (Rev. 11/25) Judgment in a Criminal Case Sheet 6 - Schedule of Payments

Judgment-Page  9  of  9

DEFENDANT: **Gordon, Ray**
CASE NUMBER: **1:25-CR-54-GNS-1**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒  **Lump sum payment of $200 due immediately, balance due**

    ☐  not later than _____, or

    ☒  **in accordance with C, D, E, or F below); or**

**B**  ☐  Payment to begin immediately (may be combined with C, D, E, or F below); or

**C**  ☐  Payment in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g. months or years) year(s) to commence _____ (E.g., 30 or 60 days) after the date of this judgment, or

**D**  ☐  Payment in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g. months or years) to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  **Special instructions regarding the payment of criminal monetary penalties:**

    **Any balance of criminal monetary penalties owed upon incarceration shall be paid in quarterly installments of at least $25 based on earnings from an institution job and/or community resources (other than Federal Prison Industries), or quarterly installments of at least $60 based on earnings from a job in Federal Prison Industries and/or community resources, during the period of incarceration to commence upon arrival at the designated facility.**

    **Upon commencement of the term of supervised release, the probation officer shall review your financial circumstances and recommend a payment schedule on any outstanding balance for approval by the court.  Within the first 60 days of release, the probation officer shall submit a recommendation to the court for a payment schedule, for which the court shall retain final approval.**

**Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  **The defendant shall forfeit the defendant's interest in the following property to the United States: To be addressed by separate order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.